

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2004

# Golcev v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3220

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Golcev v. Atty Gen USA" (2004). *2004 Decisions.* Paper 981.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/981

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-3220

DIMO GOLCEV,
                              Petitioner
                    v.

JOHN ASHCROFT,
Attorney General of the United States

No. 02-3221

CVETA GOLCEVA,
                              Petitioner
                    v.

JOHN ASHCROFT,
Attorney General of the United States

On Petitions for Review of the Orders
of the Board of Immigration Appeals
(Nos. A73-176-997, A73-169-065)

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2003

Before:  SLOVITER, AMBRO, and TUCKER*, Circuit Judges

---

\*      Hon. Petrese B. Tucker, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Cveta Golceva and her son Dimo Golcev petition for review of orders of the Board of Immigration Appeals ("BIA") affirming, without opinion, the Immigration Judge's ("IJ") decision denying their applications for asylum and withholding of deportation. After consideration of the record, we will deny their petitions for review. Because we write for the parties, we set forth only the facts relevant to our discussion.

I.

BACKGROUND

Cveta and Dimo Golcev are natives of Yugoslavia and citizens of The former Yugoslav Republic of Macedonia. They entered the United States lawfully as visitors in 1993 but overstayed their permission. The INS initiated deportation proceedings in 1996. With the parties' consent, their cases were consolidated before the IJ.

The petitioners have conceded that they remained here longer than permitted and the IJ found them deportable. They requested asylum, withholding of deportation and voluntary departure. The IJ denied asylum and withholding of deportation in December 1997 and granted voluntary departure by July 15, 1998. The BIA affirmed the IJ's decision, without opinion, in 2002.

At the hearing before the IJ, Cveta Golceva ("Ms. Golceva") testified that she was seeking asylum because her neighbors were mostly Albanian Muslims who threatened her and wanted her to sell her house for a low price. Ms. Golceva testified that she was attacked one night on the street and that she believes the attacker was one of her Albanian neighbors. She did not hear the attacker say anything except "now." She came to the United States several months later. She still owns her house in Macedonia but is afraid to return because of the tensions between Albanians and Macedonians.

The IJ noted that Ms. Golceva did not mention the attack in the initial asylum application that she filed upon her arrival here but included it in a supplemental application filed after she consulted with a lawyer. Ms. Golceva submitted a medical certificate to substantiate her assault, which reflects that she told her treating physician that the attacker was Albanian, and a police report indicating that the identity of the attacker is unknown. The IJ questioned the genuineness of the police report because it is undated and the IJ gave it little, if any, weight. Based upon the medical certificate, however, the IJ found that Ms. Golceva was assaulted on one occasion.

The IJ concluded that the assault, and Ms. Golceva's fears as a result of the assault, are insufficient to establish a well-founded fear of future persecution. Because Ms. Golceva did not mention the attack in her initial application, the IJ questioned her credibility. The IJ also explained that because the police were investigating the crime, Ms. Golceva did not establish that the attacker is a person whom the government is

3

unable or unwilling to control. In addition, the IJ stated that Ms. Golceva submitted no evidence to support her belief that there is a general condition of persecution against Christians by the Albanian or Muslim minority in Macedonia. The country report only reflects that there are tensions between the Macedonians and the Albanians. The IJ stated that Ms. Golceva had no further problems after she moved to her daughter's home in another part of the country.

The IJ also concluded that Ms. Golceva did not establish past persecution because there was no convincing testimony that the individual who attacked her was connected with the neighbors who wanted her to sell her home, or that the assault was based on Ms. Golceva's political opinion, nationality, race, religion or membership in a particular social group. The IJ further stated that even if Ms. Golceva were assaulted because she is Christian, the assault was not severe enough to rise to the level of persecution. In other words, although Ms. Golceva was the victim of a crime, she did not establish that she was persecuted.

The other petitioner, Dimo Golcev, testified that he had difficulties with Albanian Muslims because he is Christian. He explained that he had oral confrontations with Albanian Muslims when he was a student, that the Albanians were "taking over the place" and that they forced people to sell their homes. Admin. Rec. at 116. He testified that he still has family that lives in Macedonia, and that he was afraid to return there because he would be drafted into the military and may have to fight in a war. Dimo

4

testified that his father came to the United States in 1985 and that he came here because his father was here. He did not mention his problems with Albanian Muslims in the initial asylum application that he filed upon his arrival here but included them in a supplemental application.

The IJ concluded that Dimo did not have a well-founded fear of persecution. Noting that she found Dimo's testimony "a bit racist" in that he stated that there are problems in Macedonia because Albanians are coming in and generally trying to have an identity in the country, the IJ explained that the fact that there is a diverse population in Macedonia does not support an asylum application. Admin. Rec. at 63. The IJ concluded that fear of persecution by the minority Albanian population is not a well-founded fear, and that the historic tensions between the Macedonian and the Albanian populations referred to in the Department of State report do not establish persecution.

In regard to his fear of serving in the Macedonian military, the IJ stated that there have been repeated wars in the area where Dimo is from but that there is no present conflict, and that there is no evidence that the Macedonian army engages in human rights violations. The IJ concluded that the fear expressed by Dimo does not support an asylum claim because a country has a right to conscript its population and conscription is not an act of persecution. Finally, the IJ found Dimo's testimony that Albanian Muslims harassed him too vague to warrant granting asylum, and that there is no evidence of a pattern or practice of persecution.

5

Although she denied the applications for asylum and withholding of deportation, the IJ granted the applications for voluntary departure because the INS did not oppose them, both Ms. Golceva and Dimo have lived in the United States for a number of years without any misconduct, they have waited many years for the INS to adjudicate their applications, and they needed time to make arrangements to leave.

The BIA affirmed without opinion pursuant to 8 C.F.R. § 3.1(a)(7). Ms. Golceva and Dimo each filed a petition for review raising the same issues:

> 1. Whether the Immigration Judge erred by denying the petitioner's application for asylum and for withholding of removal pursuant to sections 208 and 241(b)(3) of the Immigration and Nationality Act, compounded by the decision of the Board of Immigration Appeals affirming the Immigration Judge.
>
> 2. The Board abused its discretion and violated petitioner's due process rights by affirming, without opinion, the decision below.

## II.

### JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction to review the IJ's decision under 8 C.F.R. § 3.1(b). This court has jurisdiction pursuant to 8 U.S.C. §§ 1105a, 1252.

Generally, the court reviews decisions of the BIA. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). However, when the BIA either defers to or adopts the opinion of the IJ, the court must review the IJ's decision. Id. Although the BIA has not adopted the

IJ's decision, its affirmance pursuant to 8 C.F.R. § 3.1(a)(7) makes the IJ's decision the final agency decision. Thus, we must review the IJ's decision.

We review the IJ's findings of fact under a substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under this standard, the IJ's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it. Id. at 483-84. The issue of whether the BIA's decision violated the petitioners' due process rights is a legal question that we review de novo. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003).

III.

DISCUSSION

A.     Denial of Asylum and Withholding of Removal

Section 208(a) of the INA provides that the Attorney General may grant asylum to an alien he determines is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1). A refugee is defined as a person unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42)(A). In addition, the Attorney General must withhold removal if an alien shows a "clear probability" that, upon return to his home country, his "life or freedom would be threatened" on account of race, religion, nationality, membership in a particular social group or political opinion. INS v. Stevic, 467 U.S. 407, 411-13 (1983)

7

(internal quotation and citation omitted).

Petitioners argue that they satisfied the statutory requirements for asylum and withholding of removal. Although they do not point to any specific testimony in the record, they contend that they testified in as much detail as possible about their fears from the mistreatment inflicted upon them by the Albanian Muslims. They contend that their testimony and the country reports support their applications. Petitioners also argue that the IJ improperly required that they submit corroborative evidence in addition to their testimony.

The IJ's decision denying Ms. Golceva's application for asylum and withholding of deportation is supported by substantial evidence. The IJ reasonably questioned whether the assault was a credible basis for asylum in light of Ms. Golceva's failure to mention the incident in her initial asylum application. In addition, there is no evidence that the assault was motivated by religion, and the country report does not reflect a pattern or practice of persecution of Christians by Albanians in Macedonia. Moreover, there is no support for petitioner's argument that the IJ improperly required her to provide corroborating evidence. Instead, the IJ found the evidence she presented was insufficient to establish past persecution or a well-founded fear of future persecution.

Similarly, the IJ's decision denying Dimo's application for asylum and withholding of deportation is supported by substantial evidence. Dimo does not claim past persecution. His earlier disputes with Albanian Muslims are insufficient to establish

8

a well-founded fear of future persecution, as is his fear of serving in the military. A nation's requirement that its citizens serve in the military is not persecution. Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir. 1991). In addition, for the reasons stated above with respect to Ms. Golceva's application, Dimo's arguments that Muslims are engaged in a pattern or practice of persecution against Christians, and that the IJ improperly required that he present corroborating evidence, are without merit.

B.    Due Process Violation

Petitioners' argue that the BIA violated their due process rights by affirming, without opinion, the IJ's decision. This argument was recently rejected by the en banc court in Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc), where we upheld the constitutionality of the streamlining procedure used by the BIA here. We are bound by that decision.

IV.

CONCLUSION

For the reasons set forth above, we will deny the petitions for review.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/   Dolores K. Sloviter
Circuit Judge

9